J. A25044/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIKE LOVE, | : | |
| | : | |
| Appellant | : | No. 3529 EDA 2014 |

Appeal from the Judgment of Sentence December 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0002828-2014

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED NOVEMBER 23, 2015**

Appellant, Mike Love, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas after he was found guilty of simple assault, aggravated assault of police officer, ethnic intimidation, and resisting arrest.[1]  Appellant challenges the sufficiency of the evidence underlying all convictions.  We affirm.

Appellant was involved in an altercation with undercover Philadelphia police officers who were surveilling a bar for narcotics activities.  N.T., 9/25/14, at 6.  Appellant was with group of males in front of a bar.  *Id.* at 7-

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(1), 2702(a)(3), 2710(a), 5104.    Appellant was charged with a felony-two aggravated assault under 18 Pa.C.S. § 2702(a). At trial, the parties and the trial court discussed the charge in light of 18 Pa.C.S. § 2702(a)(3).  **See** N.T. Trial, 9/25/14, at 55; Trial Ct. Op., 2/2/15, at 5.

8. The officers were across the street from the bar. *Id.* at 5. All of the officers were Caucasian and were in plainclothes. *Id.* at 6, 8. Appellant's race is listed as "black" throughout the record.

A review of the record in a light most favorable to the Commonwealth[2] reveals the following. Appellant and the males in front of the bar began calling the officers "fucking crackers"[3] and "white boys." *Id.* at 8. They told the officers they did not "belong around there" and to "get off the corner." *Id.* at 8, 10. Appellant then crossed the street, confronted Sergeant Edward Pisarek, and told him that they did not "belong on the corner," they needed to "get the fuck out of [t]here," and it was "not cool that [they] were there." *Id.* at 10-12. The sergeant told Appellant that they were "not going anywhere" and stated they were waiting for a girl. *Id.* at 9.

Appellant returned to the bar, and Sergeant Pisarek called for uniformed officers to provide backup. *Id.* at 10. Appellant again crossed the street and confronted another officer, "saying the same things . . . he was saying [to the sergeant]." *Id.* at 11.

---

[2] *See Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013) ("our standard of review of sufficiency claims requires that we evaluate the record 'in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence'").

[3] The trial court heard testimony that "cracker" is "a racist term for white people." N.T. at 10.

According to Sergeant Pisarek, he told Appellant they were police officers and produced the badge he was wearing around his neck. *Id.* at 12-13. As he "started to tell [Appellant] that [they were] cops," Appellant turned around and said, "All right. I got something for you, white boy," pulled up his shirt and "gestured towards his waistband." *Id.* at 11. The sergeant followed Appellant into the street, and lifted his hooded sweatshirt to draw his service weapon. *Id.* at 12. Appellant turned around and punched the sergeant in the face. *Id.* A uniformed officer, who responded to the sergeant's call for backup, tackled Appellant. *Id.* at 14-15. Appellant continued to struggle with the two officers on the ground and was subdued after three additional officers intervened and one officer used a taser.[4] *Id.* at 16.

---

[4] Appellant testified at trial. He stated that he noticed three big guys across the street from the bar, went over to them, and asked if they were waiting for somebody. N.T. at 45. When they told him they were waiting for a female in a red Mustang, he returned to the bar, found the female, and took her outside. *Id.* at 46. She denied knowing them. *Id.* According to Appellant, he went back to the men and asked them to leave because they were "acting kind of creepy." *Id.* They told him to "get the fuck out of here." *Id.* Appellant asked them to "talk about it," took two steps backwards, and was then punched by one of the men. *Id.* at 46-47. He was unaware that they were police officers and punched back. *Id.* Appellant identified the person who punched him as Sergeant Pisarek.

We note Appellant's counsel also cross-examined Sergeant Pisarek using various reports prepared shortly after the incident, none of which referred to the use of racial slurs during the incident. *Id.* at 26. Further Appellant's counsel elicited evidence that the police officers were all much larger than Appellant—Appellant being 5'8" and 170 pounds, while two of the undercover officers each were over 6' and 260 pounds. Appellant argued

The trial court found Appellant guilty of the aforementioned charges,[5] and on December 4, 2014, sentenced him to "time in" to twenty-three months' imprisonment for ethnic intimidation and a consecutive five years' probation for aggravated assault. Appellant filed a timely notice of appeal and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement.

We summarize Appellant's challenges to the sufficiency of the evidence. First, as to the charges of aggravated and simple assault, he emphasizes that he was unaware that Sergeant Pisarek was a police officer until after the melee broke out. Appellant's Brief at 13. He also asserts he acted in self-defense, did not inflict bodily injury, and engaged in a mutual affray. *Id.* at 14-15, 20-21. Second, he claims his ethnic intimidation conviction must fail given the insufficient evidence for the predicate offenses of assault. *Id.* at 23. Alternatively, he claims Sergeant Pisarek's testimony that Appellant used racial slurs was unworthy of belief because the post-incident reports prepared by other officers did not indicate he used racial slurs. *Id.* at 23-24. Third, he contends that his resisting arrest conviction should be vacted because the underlying arrest was unlawful, *id.* at 27, and

---

this size disparity supported his theory that he was unaware they were officers and acted in self-defense after the sergeant followed him into the street. *Id.* at 55-56.

[5] The trial court acquitted Appellant of recklessly endangering another person.

- 4 -

his resistance fell "at the milder end of the spectrum" between "mild resistance" and "directly assaultive behavior." ***Id.*** at 28-29.

We have reviewed the record in light of Appellant's arguments and the governing standard of review and conclude the trial court ably addressed all issues in its Rule 1925(b) opinion. ***See*** Trial Ct. Op. at 4 (setting forth standard of review), 5, 7 (opining assault and aggravated assault convictions proper because trial court (a) found sergeant's testimony that he identified himself as an officer credible, and (b) determined Appellant was aware he was engaging a police officer), 5-6 (concluding law of self-defense against officer's unlawful use of force did not apply under circumstances), 8 (stating racial intimidation conviction proper based on evidence of Appellant's use of numerous racial epithets), 9 (finding resisting arrest conviction proper because "[c]ontinuing to throw punches and fight with Sergeant Pisarek and his backup officers [did] not constitute mere submission"). Thus, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2015

IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    CP-51-CR-0002828-2014

            :

    v.      CP-51-CR-0002828-2014 Comm. v. Love, Mike :
                    Opinion

MIKE LOVE               :    3529 EDA 2014

                7253233931

**OPINION**

PALUMBO, J.

FILED

FEB 02 2015

Criminal Appeals Unit
First Judicial District of PA

Mike Love (hereinafter Appellant) appeals this court's finding of guilt for aggravated assault on a police officer, simple assault, resisting arrest and ethnic intimidation. This court submits the following Opinion in accordance with the requirements of Pa.R.A.P. 1925(a). For the reasons set forth herein, this court's decision should be affirmed.

**FACTUAL HISTORY**

On February 22, 2014, Philadelphia Police Sergeant Edward Pisarek, along with fellow Philadelphia Police Officers Berkery and Pownall were conducting a plain clothes surveillance of possible drugs sales in front of the bar Fat Pete's in the area of 6171 Torresdale Avenue, Philadelphia, PA. Standing across the street from the bar, Sergeant Pisarek saw a group of males, including Appellant, drinking and smoking outside. Sergeant Pisarek heard the group, and specifically Appellant, make comments such as "white boys," "fucking crackers," "get off of the corner," and "[you] shouldn't be out there," directed towards himself and his fellow officers, all of whom are white.

Eventually Appellant approached the officers and repeated the same things face to face, telling the "white boys" and "crackers" to get out of the area, to which the officers replied they weren't going to do so because they were waiting on someone. Appellant went back across the street and into the bar, but the crowd outside kept growing, prompting Sergeant Pisarek to hide behind a tree and call for backup, fearing that some sort of confrontation was about to occur.

While Sergeant Pisarek was calling for backup, Appellant approached Officer Berkery and repeated the same racial epithets as before, prompting Sergeant Pisarek to verbally engage Appellant and inform him that they were police officers. In response, Appellant said "[i] got something for you, white boy," turned around and began to walk away, grabbing at his waistband. Sergeant Pisarek walked after him, pulling up his hooded sweatshirt to pull out his service weapon. While Sergeant Pisarek was trying to remove his weapon, Appellant turned around and punched the sergeant with a closed fist. A fight ensued with Sergeant Pisarek and Appellant exchanging punches and grappling on the ground.

By this time the backup officers had arrived, including Philadelphia Police Officers Quinn and Manes. Seeing Sergeant Pisarek engaged with Appellant, Officer Quinn tackled Appellant from behind and all three men fell to the ground and continued to fight. Officer Berkery, Pownall and Manes also joined in the effort to subdue Appellant. Unsuccessful in their attempt to subdue Appellant, Officer Manes shot Appellant twice with his Taser, the first time having no effect, after which Appellant was subdued and placed under arrest. Sergeant Pisarek testified that the whole ordeal lasting about five minutes and that he was treated at a local hospital for contusions and swelling.

**PROCEDURAL HISTORY**

2

Appellant was found guilty of aggravated assault, simple assault, resisting arrest and ethnic intimidation at the conclusion of a waiver trial held on September 25, 2014. Following a pre-sentence investigation and the denial of Appellant's motion for extraordinary relief, Appellant was sentenced to time in to 23 months on the ethnic intimidation charge and a consecutive five years of probation on the aggravated assault charge on December 4, 2014.

Appellant filed his notice of appeal to the Superior Court of Pennsylvania on December 8, 2014. This court ordered Appellant to file a concise statement of errors complained of on appeal (hereinafter Statement) pursuant to Pa.R.A.P. 1925(b) on December 19, 2014. On January 7, 2015, Appellant filed and served his Statement, averring the following:

1. Appellant was erroneously convicted of aggravated assault on a police officer and simple assault, as appellant acted in defense against the unlawful use of force by the complainant, whom appellant mistakenly believed was a private citizen, but who in fact was a police officer who had failed to reveal his official status.

2. Appellant's conviction for ethnic intimidation should be vacated because: 1) he was improperly convicted of aggravated and simple assault and therefore no predicate crime was proven, and; 2) even assuming *arguendo* a predicate crime had been properly established, there was insufficient evidence that appellant's assaultive conduct was motivated by the requisite malicious intent.

3. The evidence was insufficient to convict appellant of resisting arrest where he was being unlawfully arrested by Sergeant Pisarek and

3

appellant's conduct as other officers converged on the scene

constituted mere non-submission.

For the following reasons, the decision of this court should be affirmed.

**DISCUSSION**

When reviewing a challenge to the sufficiency of the evidence used to support a criminal conviction, the reviewing court must determine whether the evidence believed by the trial court was sufficient to support the verdict. *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1236 (Pa. 2007). In making this assessment, the standard to be applied is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the offense beyond a reasonable doubt. *Commonwealth v. Lambert*, 795 A.2d 1010, 1014-1015 (Pa. Super. 2002). It is inappropriate for a reviewing court to weigh the evidence and substitute its judgment for that of the fact finder. *Id.*

To sustain a conviction, the facts and circumstances that the Commonwealth has the burden to prove must be such that every element of the crime is established beyond a reasonable doubt. *Commonwealth v. Hargrave*, 745 A.2d 20, 22 (Pa. Super. 2000). However, the Commonwealth may sustain this burden by using wholly circumstantial evidence. *Commonwealth v. Cousar*, 928 A.2d 1025, 1032 (Pa. 2007). Moreover, the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. *Lambert*, 795 A.2d at 1014-1015. Any doubts regarding a defendant's guilt may be resolved by the fact finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. Furthermore, when reviewing a sufficiency of the evidence claim, the entire record must be evaluated and all evidence actually received must be considered. *Id.*

4

1. Aggravated Assault and Simple Assault

A person is guilty of aggravated assault as a felony of the second degree if he "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty." 18 Pa.C.S.A. § 2702(a)(3). Bodily injury is defined as impairment of physical condition or substantial pain. 18 Pa.C.S. §2301. Police officers are among the "officers, agents employees or other persons" protected. 18 Pa.C.S.A. § 2702(c)(9).

Likewise, a person is guilty of simple assault if he attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another. 18 Pa.C.S.A. § 2701(a)(1).

Appellant argues that he was erroneously convicted of aggravated assault on a police officer and simple assault because he was acting in self defense against the unlawful use of force by Sergeant Pisarek, whom at the time Appellant did not know was a police officer but instead mistakenly believed was a private citizen. However, this contention is not supported by the factual record.

Under both direct and cross examination, Sergeant Pisarek repeatedly testified that he identified himself as a police officer as Appellant turned his back to him and grabbed at his waistband. Notes of Testimony, 09/25/14, pp. 10, 11, 29, 31. This court finds the sergeant's testimony is credible and therefore concludes that Appellant knew that the individual he had been verbally engaging with, and would soon engage physically, was a police officer. Because Appellant struck, and caused bodily injury to, a police officer in the performance of his duty, Appellant was properly convicted of aggravated assault and simple assault.

Appellant's Statement suggests that his actions were justified, in part, because he was acting in defense against an unlawful use of force. However, physical resistance to a police

5

officer is specifically prohibited by statute. 18 Pa.C.S. § 505(b)(1)(i). ("The use of force is not justifiable... to resist an arrest which the actor knows is being made by a peace officer although the arrest is unlawful"). However, the law does allow for physical resistance to a police officer in one, very narrow circumstance. "The only circumstance under which the law will contemplate physical resistance to a police officer is when the officer unnecessarily uses unlawfully excessive or deadly force which triggers the right of self-defense." *Commonwealth v. French*, 611 A.2d 175 (Pa. 1992). The use of force by a police officer is controlled by 18 Pa.C.S. § 508(a)(1) which states that a police officer is "justified in the use of any force which he believes necessary to effect the arrest and any force which he believes to be necessary to defend himself... from bodily harm while making the arrest." The statute continues, the "[police officer] is justified in using deadly force only when he believes that such force is necessary to prevent death or serious bodily injury to himself or such other persons." *Id.*

In his Statement, Appellant does not specifically identify what actions of Sergeant Pisarek constituted an unlawful use of force. This forces this court to speculate as to whether he meant Sergeant Pisarek's action of following Appellant into the street, the sergeant's reach for his service weapon in response to his belief that Appellant was trying to pull his own weapon out of his waistband, or the sergeant's response to being punched in the face by Appellant. In any scenario, this court is convinced Sergeant Pisarek's actions were within the confines of 18 Pa.C.S. § 508(a)(1).

To the extent that Appellant raises the defense of mistake as to the charge of aggravated assault this court finds his defense without merit. Ignorance or mistake as to a matter of fact, which negates the intent or knowledge required to establish a material element of the offense is a defense as long as there is a reasonable explanation or excuse of the ignorance or mistake. *See*

6

18 Pa.C.S. § 304(1). Appellant asserts both on direct examination, in argument thereafter and in his Statement, that he did not know the Sergeant Pisarek was a police officer because the sergeant failed to identify himself as such. However, this court finds Sergeant Pisarek's testimony credible and therefore believes that the sergeant did identify himself before being struck by Appellant. Therefore, Appellant's claim must fail.

Because Appellant knowingly struck a police officer, who was using lawful force in the performance of his duty, Appellant was properly convicted of aggravated and simple assault.

## 2. Ethnic Intimidation

Appellant was properly found guilty of ethnic intimidation because he assaulted Sergeant Pisarek, in part, with malicious intention towards the sergeant's race. "A person commits the offense of ethnic intimidation if, with malicious intention toward the race...of another individual or group of individuals, he commits an offense [of aggravated or simple assault] with respect to such individual...or with respect to one or more members of such group." 18 Pa.C.S. § 2710(a). Malicious intention is defined as "the intention to commit any act, the commission of which is a necessary element of any offense referred to in subsection (a) motivated by hatred towards the race...of another individual or group of individuals." 18 Pa.C.S. § 2710(c). The intention element required for conviction "is satisfied if there is evidence that ethnic malice was *a* motivator for the defendant's criminal act; it need not be the *sole* motivator." *Commonwealth v. Sinnott*, 30 A.3d 1105, 1110 (Pa. 2011).

Appellant avers that his conviction for ethnic intimidation cannot stand because he was improperly convicted of aggravated and simple assault, and therefore there is no predicate offense, and/or there was insufficient evidence that his behavior was motivated by malicious intent as defined by the statute.

7

As discussed above, Appellant was properly convicted of aggravated assault and simple assault, both predicate offenses for ethnic intimidation pursuant to 18 Pa.C.S. § 2710(a).

Moreover, there is ample evidence that Appellant's actions were motivated by racial animus. Appellant repeatedly directed comments at Sergeant Pisarek and his fellow officers, all of whom are white, employing numerous racial epithets such as crackers and white boys. Also, specifically directed at Sergeant Pisarek, Appellant said, "[i] got something for you, white boy" while gesturing towards his waistband and moments before he assaulted Sergeant Pisarek. Therefore, sufficient evidence exists that Appellant's behavior was motivated by malicious intent towards Sergeant Pisarek's race.

### 3. Resisting Arrest

Likewise, Appellant was properly convicted of resisting arrest because Appellant created a substantial risk of bodily injury with his continued assaultive behavior towards Sergeant Pisarek as the sergeant was attempting to subdue Appellant and arrest him. A person is guilty of resisting arrest "if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104.

In his Statement, Appellant argues that the evidence was insufficient to convict him of resisting arrest for two reasons. First, he was being subjected to an unlawful arrest by Sergeant Pisarek. Second, Appellant's continued conduct during the ensuing scuffle with the officers constituted mere non-submission.

Addressing Appellant's first contention, the record does not establish that Sergeant Pisarek was attempting to arrest Appellant at any point prior to Appellant assaulting the sergeant.

8

Instead, the record reflects that the sergeant was merely following Appellant into the street as the Appellant was reaching for his waistband and telling the sergeant he had something for him. Sergeant Pisarek attempted to arrest Appellant only after Appellant assaulted him. As to Appellant's second contention, Sergeant Pisarek testified that during the ensuing scuffle, Appellant continued to hit the sergeant multiple times as he tried to subdue him. Eventually, a Taser was required to end Appellant's resistance. Continuing to throw punches and fight with Sergeant Pisarek and his backup officers does not constitute mere submission. Therefore, the evidence was sufficient to convict Appellant of resisting arrest.

**CONCLUSION**

For the above reasons, the judgment of sentence should be affirmed.

BY THE COURT:

Dated: 2 - 2 - 15

Frank Palumbo, J.

9

COMMONWEALTH v. MIKE LOVE
APPEAL OF: DEFENDANT
NO:        CP-51-CR-0002828-2014
            3529 EDA 2014

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Opinion upon the persons indicated below, by first class mail:

Karl Baker, Esq., Defender Association of Philadelphia, 1441 Sansom St., Philadelphia, PA 19102
Counsel for Appellant

Hugh Burns, Esq., District Attorney's Office, 3 South Penn Square, Philadelphia, PA 19107
Assistant District Attorney


DATED: 2 - 2 - 15

Frank Palumbo, Judge

10